DocuSign Envelope ID: 153E63AB-8612-4DE8-BB15-2639F2C2BBD0

# UNITED STATES DISTRICT COURT
### Western District of Kentucky
### Bowling Green Division

| | |
|---|---|
| Austin Alexander<br>　　*Plaintiff*<br><br>v.<br><br>Hillcrest Credit Agency<br>*assumed name for*<br>Commonwealth Health Corp., Inc.<br>　　*Defendant*<br>Serve:<br>　　Jonathan B. Blick<br>　　Commonwealth Health Corp., Inc.<br>　　800 Park Street<br>　　Bowling Green, KY 42101 | Case No.　1:23CV-73-GNS |

## VERIFIED CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.　　This is an individual action and proposed class action brought by Plaintiff Austin Alexander seeking actual damages, statutory damages, litigation costs and attorneys' fees on behalf of himself and of a class of similarly situated Kentucky citizen consumers for Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc.'s violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices, and KRS 360.010, which sets forth the maximum interest rate allowed by law.

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction pursuant to 28 U.S.C. §1331 and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff asks the Court to take supplemental jurisdiction of his interrelated state-law

DocuSign Envelope ID: 133E63AB-8612-4DE8-BB15-2639F2C2BBD0

claims under 28 U.S.C. §1367.

3.     Venue is proper because the Defendant's principal place of business is located in Warren County, Kentucky, which is located within the Western District of Kentucky.

## PARTIES

4.     Plaintiff Austin Alexander is a natural person who resides in Breckinridge County and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. §1692a(3).

5.     Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc. ("Hillcrest") is a third-party debt collector registered with the Kentucky Secretary of State whose principal office is located at 800 Park Street, Bowling Green, KY 42101.

6.     Hillcrest's principal purpose is the collection of debts. Hillcrest regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6).

## FACTS GENERALLY

7.     Like many of his fellow Americans, Plaintiff Austin Alexander ("Alexander") is keenly aware of the importance of his credit score.

8.     As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."

DocuSign Envelope ID: 153E63AB-8612-4DE8-BB15-2639F2C2BBD0

> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," he says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

9.      In an effort to improve his credit score and rating in order to purchase his own home, Mr. Alexander regularly reviews his credit reports for accuracy and areas of improvement.

10.     Upon review of his Equifax credit reports, Mr. Alexander discovered a collection tradeline furnished by Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp, Inc. ("Hillcrest") (the "Hillcrest Tradeline").

11.     The Hillcrest Tradeline concerns an alleged medical debt incurred by Mr. Alexander.

12.     Assuming that the medical debt at issue in the Hillcrest Tradeline was Mr. Alexander's debt, the medical debt at issue was incurred for personal, family, and/or household purposes, which makes the medical debt underlying the Hillcrest Tradeline a "debt" within the meaning of the FDCPA.

13.     Mr. Alexander did not recognize the debt at issue and could not determine whether

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

DocuSign Envelope ID: 153E63AB-8612-4DE8-BB15-2639F2C2BBD0

the medical debt underlying the Hillcrest Tradeline was an actual, legitimate debt. Mr. Alexander's uncertainty as to the accuracy of the Hillcrest Tradeline is not surprising.

14.     Medical debt is ubiquitous, confusing, and confounding. Payment and responsibility for payment of medical bills is divided between consumers and medical insurance providers in a byzantine process of billing, insurance coverage, deductibles, referrals, and payment responsibility that leaves many consumers feeling helpless and lost. Most medical debt is published to the consumer reporting agencies ("CRAs") by third-party debt collectors like Hillcrest based on rudimentary and incomplete information about the alleged underlying debts. Medical debt comprises over 50% of all collection tradelines published by the CRAs.[2]

15.     As explained by the venerable Consumer Reports:

> millions of Americans struggle with medical billing problems—everything from inaccurate charges to surprise fees to wrongly denied claims. No one seems to be tracking national data on healthcare billing issues, but problems are exceedingly common. In a recent nationally representative Consumer Reports survey of 1,000 insured adults who incurred a major medical bill in the past two years, two out of three said they had at least one billing issue, such as higher-than-expected charges, unclear statements, and bills arriving months late.

> And because the medical bills themselves are so confusing—filled with specialized terms and lacking clarity about whether you or your insurer is responsible for payment—millions of Americans give up trying to fight them. According to the CR survey, more than one-third of respondents said they paid bills they weren't sure they owed—20 percent of that group paid more than $1,000. Among the reasons they gave for doing this: The bill was too confusing, they were uncertain their efforts would make a difference, and they were concerned that not paying would hurt their credit record.

> "The medical billing system is so inefficient and complicated, people don't even know how to make a dispute," says Martin

---

[2] "Consumer credit reports: A study of medical and non-medical collections." Consumer Financial Protection Bureau, December 2014. Accessed via Internet at files.consumerfinance.gov/f/201412_cfpb_reports_consumer-credit-medical-and-non-medical-collections.pdf (last accessed April 7, 2023).

DocuSign Envelope ID: 153E63AB-8612-4DE8-BB15-2639F2C2BBD0

Gaynor, professor of economics and health policy at Carnegie Mellon University. "They just throw up their hands."

Of course, few Americans can afford to pay medical bills they may not owe—let alone ones they do—and the dysfunctional system is wrecking people's finances. Nearly two out of 10 in the CR survey said their credit score was affected by an unpaid medical bill. Nearly 3 out of 10 people in the survey said they had unpaid bills sent to collections. Of those, 61 percent said they could not afford to pay, 24 percent didn't realize they owed, and 21 percent lost track of the bill.[3]

16. On February 3, 2023, Mr. Alexander sent a written dispute letter directly to Hillcrest disputing the information in Hillcrest Tradeline to get more information about the alleged debt.

17. In response, on March 9, 2023, Hillcrest sent Mr. Alexander a Patient History Report that was little more than a ledger of debits and credits to his account. A true and accurate redacted copy of the Hillcrest March 9, 2023 response is attached as Exhibit "A."

18. The Patient History Report showed numerous entries for debiting a "finance charge" to his account.

19. In response, Hillcrest also sent Mr. Alexander a consent to treatment form that included a provision for adding a "service charge" to the "account for the current monthly billing period," which accrues at the "periodic rate of 1.5% per month or an annual rate of 18%."

20. The "service charge" is disguised interest, which is "merely a device to conceal usury." *Grace v. LVNV Funding, Inc.*, 22 F. Supp. 3d 700, 706 (W.D. Ky. 2014).

21. Mr. Alexander reluctantly paid the full amount that Hillcrest claimed due on the account, including the usurious interest, in order to take responsibility for his debts and to improve

---

[3] Penelope Wang, *Sick of Confusing Medical Bills? Doctor, hospital, and insurance bills are riddled with incorrect charges and surprise fees. Here's how to protect your finances.* (CR online edition Aug 1, 2018) www.consumerreports.org/medical-billing/sick-of-confusing-medical-bills/ (bolding and underlining added). Last accessed April 7, 2023.

DocuSign Envelope ID: 153E63AB-8612-4DE8-BB15-2639F2C2BBD0

his credit and ability to obtain credit.

22.     The addition of 18% interest to Mr. Alexander's account is a naked attempt to collect usurious interest from Mr. Alexander in plain violation of the law and express Kentucky public policy.

23.     Hillcrest violated the FDCPA by attempting to collect and collecting usurious interest from Mr. Mr. Alexander.

24.     Hillcrest violated KRS 360.010 by charging and collecting usurious interest from Mr. Alexander.

## CLASS ALLEGATIONS

38.     Plaintiff Austin Alexander brings this action individually and as a proposed class action on behalf of all similarly situated United States consumers comprised of the following classes of persons (jointly, "the Classes"):

A.      **Class I**

> All consumers against whom Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc. and/or its agents, employees or representatives, within one (1) year prior to the date of the filing of this complaint, attempted to collect a debt in which Hillcrest added interest above the legal rate set forth in KRS 360.010.

B.      **Class II**

> All consumers from whom Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc. and/or its agents, employees or representatives, within two (2) years prior to the date of the filing of this complaint, collected interest above the legal rate set forth in KRS 360.010.

39.     This action seeks actual damages and the maximum statutory damages under the FDCPA pursuant to 15 U.S.C. §1692k(a)(2) for Mr. Alexander and all members of the proposed Class I for Hillcrest's violations of the FDCPA.

DocuSign Envelope ID: 133E63AB-8612-4DE8-BB15-2639F2C2BBD0

40.     The proposed Classes as set out *supra* which are represented by Austin Alexander in this proposed class action and of which he himself is a member consists of those persons as defined *supra* and which the members of the proposed Classes are so numerous that joinder of individual members is impracticable.

41.     Austin Alexander's claims in this proposed class action are typical of the claims of the proposed Classes as set out *supra*.

42.     There are common questions of law and fact applicable to the members of the proposed Classes in this proposed class action that relate to and affect the rights of each member of the proposed Classes.

44.     The relief sought for Austin Alexander is common to the members of the proposed classes and all members of the proposed Classes have the same issues of law in common: **(1)** whether Hillcrest violated the FDCPA by attempting to collect and/or collecting usurious interest from members of Class I in connection with collection of a debt; and **(2)** collecting usurious interest from members of Class II in connection with collection of a debt or debts.

45.     There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action or with respect to the claims for relief herein set forth.

46.     Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

47.     Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

48.     Plaintiff's attorneys have successfully represented other claimants in similar class action litigation.

49.     The action is properly maintained as a class action in that the prosecution of

DocuSign Envelope ID: 133E63AB-8612-4DE8-BB15-2639F2C2BBD0

separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

50.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

51.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

52.     The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

53.     Because many of the persons who comprise the proposed Classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

DocuSign Envelope ID: 133E63AB-8612-4DE8-BB15-2639F2C2BBD0

## CLAIMS FOR RELIEF

### I. Violations of the Fair Debt Collection Practices Act

54. The above acts and omissions of Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc. ("Hillcrest") constitute violations of the Fair Debt Collection Practices Act. These violations include but are not limited to the following:

    **A.** **Violation of 15 U.S.C. § 1692e(A)(2):** Hillcrest falsely represented to Mr. Alexander and members of Class I that **(i)** Mr. Alexander and members of Class I were legally responsible for the payment of interest that exceeds the maximum allowable legal rate; and **(ii)** that the disguised interest in the consent-to-treatment form was and is a "service charge."

    **B.** **Violation of 15 U.S.C. § 1692f(1):** Hillcrest charged and collected usurious interest from Mr. Alexander and members of Class I that exceeds the maximum allowable legal rate.

    **C.** **Violation of 15 U.S.C. § 1692e(8):** Hillcrest published false and inaccurate credit information about Mr. Alexander in the Hillcrest Tradeline, and about members of Class I, to one or more consumer reporting agencies by adding usurious interest to the amount of the debt in plain violation of Kentucky law and public policy.

    **D.** **Violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f:** Hillcrest charged and collected usurious interest from Mr. Alexander and from members of Class I that exceeds the maximum allowable rate.

25. Mr. Alexander and the members of Class I are entitled to recover actual damages, statutory damages, costs, and reasonable attorney's fees from Hillcrest for the above violations of the FDCPA.

### B. Violation of KRS 360.010

26. The above acts and omissions of Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc. ("Hillcrest") constitute violations KRS 360.010.

27. KRS 360.100 provides:

    Except as provided in KRS 360.040, the legal rate of interest is eight percent (8%) per annum, but any party or parties may agree, in

writing, for the payment of interest in excess of that rate as follows:

> At a per annum rate not to exceed four percent (4%) in excess of the discount rate on ninety (90) day commercial paper in effect at the Federal Reserve Bank in the Federal Reserve District where the transaction is consummated or nineteen percent (19%), whichever is less, on money due or to become due upon any contract or other obligation in writing where the original principal amount is fifteen thousand dollars ($15,000) or less.

28.     Under KRS 360.020, Mr. Alexander and the members of Class II are entitled to recover twice the amount of usurious interest that Hillcrest took from them.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Austin Alexander, on behalf of himself and as class representative on behalf of the proposed Classes, requests that the Court grant relief as follows:

a.     Award the actual damages to Mr. Alexander and to each member of Class I for Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc.'s violation of the FDCPA under 15 U.S.C. §1692k;

b.     Award maximum statutory damages to Mr. Alexander and each member of Class I for Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc.'s violation of the FDCPA under 15 U.S.C. §1692k;

c.     Award Plaintiff and all members of Class I their attorney's fees, litigation expenses and costs in prosecuting this action as provided by the FDCPA under 15 U.S.C. 1692k;

d.     Award Plaintiff and all members of Class II twice the amount of usurious interest collected by Defendant Hillcrest Credit Agency *assumed name for* Commonwealth Health Corp., Inc.

e.     Trial by jury; and

DocuSign Envelope ID: 133E63AB-8612-4DE8-BB15-2639F2C2BBD0

f.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@lawsonatlaw.com

DocuSign Envelope ID: 133E63AB-8612-4DE8-BB15-2639F2C2BBD0

### **VERIFICATION**

Plaintiff Austin Alexander declares as follows:

1.      I am the Plaintiff in the present case.

2.      I reside in Breckinridge County, KY.

3.      I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called upon to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4.      I verify and affirm under the penalty of perjury under the laws of the United States of America and the Commonwealth of Kentucky that the factual averments in this Verified Complaint concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on May  26 , 2023.


DocuSigned by:

Austin Alexander

-12-